101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Karl W. JELENIC, Plaintiff-Appellant,
v.
PLASTICS and IUE Local 318, Defendants-Appellees.
 No. 96-7064.
 United States Court of Appeals, Second Circuit.
 June 18, 1996.
 
 1
 Karl W. Jelenic, Esperance, NY, pro se, for appellant.
 
 
 2
 Edward L. Bookstein, Kohn, Bookstein & Karp, P.C., Albany, Ny, on the brief for appellee.
 
 
 3
 Before VAN GRAAFEILAND and LEVAL, Circuit Judges, and NICKERSON,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by appellant.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is REVERSED.
 
 
 6
 On November 29, 1994, Karl Jelenic, pro se, filed a complaint against his employer, Campbell Plastics, for wrongful termination, and his union, IUE Local 318, for inadequate representation during the grievance proceedings relating to his termination. The district court found that Jelenic's action was time-barred and granted summary judgment to the defendants. Jelenic appeals.
 
 
 7
 In his complaint, Jelenic alleged the following: On April 18, 1994, he was taken off his permanent job assignment to replace an employee who had called in sick. Jelenic refused to take the new assignment because of safety concerns. After requesting union representation, Jelenic was told by a Campbell manager that he would be fired if he did not cover the sick employee's job assignment. On April 21, a Campbell manager terminated Jelenic. The next day, April 22, 1994, Jelenic was "denied access to the union office by the company and the union" and received very little assistance from the union in preparing his written grievance. After an arbitration hearing, the arbitrator upheld Jelenic's termination.
 
 
 8
 After failing to obtain relief through the grievance process, on November 29, 1994, Jelenic filed a complaint in the United States District Court for the Northern District of New York against both Campbell and the union. Both defendants were served on March 21, 1995.
 
 
 9
 The defendants moved for summary judgment arguing that Jelenic commenced his action more than six months after his claim accrued and that therefore the action was time-barred. The district court granted the defendants' motions. Jelenic appeals arguing that a genuine issue of material fact existed regarding when his claim accrued.
 
 
 10
 "A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried" and that the moving party is entitled to judgment as a matter of law. Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir.1995). See Fed.R.Civ.P. 56(c). On a motion for summary judgment, a court "cannot try issues of fact; it can only determine whether there are issues to be tried." Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir.1987) (quoting Heyman v. Commerce & Industry Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir.1975)). Because we find that in deciding the motions for summary judgment the district court impermissibly made factual determinations on contested matters, we reverse the judgment of the district court and remand for further proceedings.
 
 
 11
 Jelenic's cause of action is a "hybrid" claim to which a six-month statute of limitations applies. See DeCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169-72 (1983); Cohen v. Flusing Hosp. & Medical Ctr., 68 F.3d 64, 67 (2d Cir.1995). In "hybrid" actions, both the claim against the employer and the claim against the union accrue "no later than the time when [the union member] knew or reasonably should have known" of the union's breach of its duty of fair representation. Santos v. District Council, 619 F.2d 963, 969 (2d Cir.1980). "Where a union refuses or neglects to assist a union member ... a breach of a duty by the union is apparent to the member at the time [the member] learns of the union action or inaction about which [the member] complains." Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 165 (2d Cir.1989) (internal citations omitted). However, where a union represents its member during an arbitration, the cause of action does not accrue until an adverse award is made by the arbitrator. Ghartey, 869 F.2d at 163.
 
 
 12
 In holding that Jelenic's claims were time-barred, the district court found that Jelenic's claim against Campbell accrued on the date he was fired, April 21, 1994, and therefore his action was untimely because it was not commenced before the six-month statute of limitations expired on October 21, 1994. Similarly, the court found that his claim against the union accrued on April 22, 1994, when the union denied him access to the union office. Therefore, as to that claim, the statute of limitations expired on October 22, 1994. As Jelenic did not commence his action prior to these dates, the district court concluded his complaint was untimely.
 
 
 13
 As noted above, however, in a hybrid action, the accrual of the claim against the employer, hinges on the sate on which the claim against the union accrues. See Santos, 619 F.2d at 965. In the instant case, there is a factual dispute over when Jelenic's cause of action against the union accrued. Although Jelenic alleged in his complaint that he was "denied access" to the union office and was forced to prepare his written grievance with "very little union assistance," two days later in a letter to the National Labor Relations Board, the union wrote that it "ha[d] and [would] continue to represent Karl Jelenic in a fair and consistent manner." Moreover, the union argues that it was Campbell, not the union, that denied Jelenic access to the office, which was located on Campbell's property. The union contends that it offered to have several union officers assist Jelenic in preparing his grievance. In addition, it is undisputed that a union officer, Ron Anderson, appeared at the arbitration on June 27, 1994, although Jelenic alleges that Anderson did nothing to represent him at that hearing. Finally, in a letter to the district court, the union stated that Jelenic's "grievance was received from his Steward and processed in a timely manner through all steps of the grievance procedure including arbitration." Thus, there is a factual dispute regarding whether Jelenic knew or should have known that the union breached its duty of fair representation prior to its alleged failure to act on his behalf at the arbitration hearing on June 27, 1994. Because this genuine issue of material fact exists, summary judgment was improper.
 
 
 14
 In addition, we note that contrary to the argument made by the defendants below, Jelenic commenced the action when he filed his complaint with the district court on November 29, 1994, not march 21, 1995, when he served the defendants. See West v. Conrail, 481 U.S. 35 (1987) (holding that federal action alleging hybrid claim against union and employer is commenced by filing the complaint, not by serving the defendants). See also Fed.R.Civ.P. 3. Less than six months intervened between the arbitration hearing and the date of the filing of the complaint.
 
 
 15
 The decision of the district court is REVERSED and the case REMANDED for further proceedings.
 
 
 
 *
 The Honorable Eugene H. Nickerson, District Judge, Eastern District of New York, sitting by designation