104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Anthony ESPOSITO, Plaintiff-Appellant,
v.
NEW YORK BLOOD CENTER, INC., and Local 806, International
Brotherhood of Teamsters, Chauffeurs, Warehousemen
and Helpers of America, Defendants-Appellees.
 No. 96-7527.
 United States Court of Appeals, Second Circuit.
 Dec. 5, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Allyne R. Ross, Judge).
 APPEARING FOR APPELLANT: Paul L. Dashefsky, Smithtown, N.Y.
 APPEARING FOR APPELLEES: Aaron J. Schindel, Proskauer Rose Goetz & Mendelsohn, New York, N.Y. Wendell V. Shepherd, Law Offices of Roy Barnes, Bronx, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before NEWMAN, Chief Judge, and OAKES and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Anthony Esposito appeals from the District Court's April 11, 1996, judgment granting summary judgment to defendants New York Blood Center, Inc. ("NYBC") and Local 806, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Local 806" or "the Union"), on the ground that Esposito's claim is time-barred. Esposito, a former employee of NYBC and a member of Local 806, brings this "hybrid" breach of contract/breach of the duty of fair representation action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging both that Local 806 breached its duty of fair representation by failing to pursue plaintiff's grievance and that NYBC violated its collective bargaining agreement with Local 806 by failing to recall plaintiff.
 
 
 4
 In May 1988, Esposito suffered a back injury and went on workers' compensation leave. In August 1988, he was laid off by NYBC while still on leave. On several occasions between 1988 and 1993, Esposito requested Local 806 to take action on his behalf to assert his right to be recalled. The Union responded that it would take no action until Esposito was medically fit to return to work and would defer further consideration of his grievance against NYBC. Esposito remained on workers' compensation leave during this entire period.
 
 
 5
 Esposito renewed his request in January 1993. Union officials, including shop steward Phil Fortuna, informed Esposito that he was not entitled to recall after a five-year absence because a 1991 collective bargaining agreement explicitly provided that an employee's recall right expired twelve months after his or her layoff. Nevertheless, the officials attempted to secure a position for Esposito at NYBC even though they believed that he had no contractual right to reinstatement. On the recommendation of Donald Calagna, the secretary-treasurer of Local 806, NYBC in May 1993 offered Esposito a driver position with one of its divisions. Esposito found the position unsuitable and declined the offer. When Calagna learned later that month that Esposito had turned down NYBC's offer, he decided that Local 806 would no longer pursue Esposito's grievance or intercede on his behalf.
 
 
 6
 In August 1993, Esposito contacted the Union's attorney and was told that month that (1) Calagna had ultimate authority over whether the Union would pursue a grievance, and (2) Calagna had decided that the Union would take no action.
 
 
 7
 Subsequently, on November 15, 1993, Esposito requested Fortuna to sign a piece of paper, entitled "Grievance," drafted by plaintiff's lawyer and documenting plaintiff's complaints against NYBC. Fortuna signed the document, though he again reminded Esposito that he had no contractual right to be reinstated and that the Union could not help him. Esposito subsequently submitted the document to NYBC and Local 806.
 
 
 8
 On November 17, 1993, NYBC informed Esposito by letter that (1) only the Union, and not Esposito, has standing to file a grievance under the collective bargaining agreement, and that (2) Esposito's right to be recalled has already expired. The Union did not respond to Esposito's "grievance." Esposito then filed this lawsuit in May 1994.
 
 
 9
 1. Esposito's "hybrid" cause of action is governed by a six-month statute of limitations. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 169-71 (1983) (adopting six-month limitation period provided by section 10(b) of NLRA, 29 U.S.C. § 160(b)); Cohen v. Flushing Hosp. and Med. Ctr., 68 F.3d 64, 67 (2d Cir.1995). In this Circuit the hybrid "cause of action accrue[s] no later than the time when plaintiffs knew or reasonably should have known that such a breach [of the duty of fair representation] had occurred, even if some possibility of nonjudicial enforcement remained." Santos v. District Council, 619 F.2d 963, 969 (2d Cir.1980). Where the essence of the employee's claim is that a union breached its duty of fair representation by deciding not to pursue a grievance, the claim accrues when the employee learns--or in the exercise of reasonable discretion should have learned--that the union had decided not to pursue the grievance.
 
 
 10
 The evidence indisputably shows that Esposito knew well in advance of November 1993 (six months before his complaint) that Local 806 would not pursue his grievance. As Esposito concedes in his deposition, the Union's attorney informed him in August 1993 that Calagna had the authority to decide whether or not the Union would pursue a grievance, that Calagna had decided not to pursue a grievance in Esposito's case, and that the Union would not do anything further on Esposito's behalf. This constitutes clear and unequivocal notice to Esposito that the Union would not pursue his grievance against the employer. Esposito's cause of action against the Union, therefore, accrued at least by August 1993--approxi mately nine months before he filed suit.
 
 
 11
 2. Esposito contends, however, that the Union reversed its position when shop steward Fortuna signed Esposito's November 15, 1993, "grievance." If the Union had indeed undertaken to represent him at that time, Esposito would have been justified in waiting to file this suit until the Union informed him that it would not further pursue his grievance. The evidence is clear, however, that the Union did not give plaintiff any assurance that it would pursue his grievance when Fortuna signed Esposito's document in November 1993.
 
 
 12
 First, Fortuna did not purport to sign the "grievance" in his capacity as shop steward. Second, the "grievance" was not submitted to NYBC by Fortuna or any other Union official, but by Esposito himself. Third, when Fortuna signed the document, he explicitly informed Esposito that he did not believe that Esposito had a legitimate claim against NYBC and that the Union was in no position to pursue his claim. Finally, Esposito concedes that he understood that only the Union could file a grievance under the collective bargaining agreement and that only Calagna--not Fortuna--had the authority to decide whether the Union would pursue a grievance on Esposito's behalf. He admitted that he prepared and filed the "grievance" on his own because he knew that the Union would not do so. August 1993, therefore, remains the accrual date of Esposito's cause of action, and the present suit is untimely.
 
 
 13
 3. Even if we were to reach the merits of Esposito's complaint against the Union, we would affirm the District Court's grant of summary judgment to defendants. No rational trier of fact could find that Local 806 breached its duty of fair representation when it refused to pursue Esposito's grievance.
 
 
 14
 There is no evidence that Local 806 acted arbitrarily, discriminated against Esposito, or failed to pursue his grievance in bad faith. See Barr v. United Parcel Serv., Inc., 868 F.2d 36, 43 (2d Cir.1989). Its decision not to act on his behalf was based on its interpretation of the collective bargaining agreement with NYBC, which expressly provided that a laid-off employee's right to be recalled expired twelve months after a layoff. Even on the most favorable interpretation of the contract, Esposito's recall rights expired on December 31, 1991. This was well before Esposito's January 1993 request to be recalled. The Union did not breach its duty of fair representation by refusing to pursue Esposito's grievance against NYBC.