DAI HUA HUANG, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 06–5447–ag.

United States Court of Appeals, Second Circuit.

Aug. 15, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, Colette J. Winston, Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Honorable CHESTER J. STRAUB, Honorable ROBERT A. KATZMANN and Honorable REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Dai Hua Huang, a Chinese national, seeks review of the BIA's November 8, 2006 refusal to reopen his immigration proceedings. *See In re Dai Hua Huang*, No. A 73 167 842 (B.I.A. Nov. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

This court reviews the BIA's denial of a motion to reopen deferentially and will grant relief only upon identifying abuse of agency discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inextricably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal quotation marks omitted).

The BIA denied Huang's motion to reopen as untimely. Huang concedes that his motion was not filed within 90 days of the BIA's September 9, 2002 final order of removal as required by 8 C.F.R. § 1003.2(c)(2). Nevertheless, Huang submits that this deadline should have been equitably tolled because his former lawyer's ineffectiveness and his own limited knowledge of immigration law and the English language precluded him from learning that his appeal had been denied before May 4, 2006, when he received the results of a Freedom of Information Act ("FOIA") inquiry by present counsel. The BIA rejected this argument, ruling that, even if former counsel was ineffective and Huang did not learn of the denial of his appeal until May 2006, he failed to demonstrate due diligence in keeping track of the status of his case in the seven years between its filing and the March 2006 FOIA request. We agree.

When ineffective assistance of counsel is cited to excuse a missed filing deadline, a petitioner who seeks equitable tolling

bears the burden of demonstrating his own due diligence for any period in which the ineffective assistance "is, or should have been, discovered by a reasonable person" in the alien's situation. *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (internal quotation marks omitted). We need not determine precisely when the ineffectiveness of Hong's original counsel should have been discovered by a reasonable person in Hong's situation; it is sufficient to observe that a reasonable person would have taken some action to attempt to discover the outcome of the original appeal well before May 2006, the date when Hong learned of the denial of his appeal through a FOIA request. As we have explained in the context of *habeas corpus* petitions, "the act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct." *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir.2004) (internal quotation marks omitted).

The degree of oversight expected may vary with the purposes of the representation and the client's ability to evaluate the performance at issue or to act on his own. *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir.2004). Thus, the BIA may not require "that a client exercising reasonable due diligence ... immediately discover his attorney's failure." *Jin Bo Zhao v. INS*, 452 F.3d 154, 159 (2d Cir.2006) (holding refusal to grant five months' equitable tolling was abuse of discretion); *see also Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000) (holding, in *habeas* case, that five-month delay in checking on counsel's filing was reasonable). Nor may it find a lack of diligence where an alien maintains contact with an attorney who misleads him as to the status of his case. *See Cekic v. INS*, 435 F.3d at 171 (holding that petitioners' "reliance upon their attorney's repeated assurances that their case was being pursued" warranted equitable tolling of the period of such communications).

At the same time, however, a petitioner cannot establish due diligence by making no effort to communicate with his lawyer over a period of several years. *See Cekic v. INS*, 435 F.3d at 171–72 (holding that BIA may deny untimely motion to reopen where petitioners "had lost touch with their attorney," "provided the BIA with no evidence whatsoever that they were diligent" and "fail[ed] to provide even the slightest indication that they took any action to protect themselves"); *cf. Iavorski v. United States INS*, 232 F.3d 124, 134 (2d Cir.2000) (holding that petitioner who was unsuccessful in reaching counsel whom he learned had moved and had ceased practicing law "should have known he had been a victim of ineffective assistance of counsel well before the end of the two-year period he seeks to toll").

Huang failed to demonstrate that he made any effort to communicate with his lawyer about the status of his case for almost seven years after his appeal was filed, including three years after the appeal was decided. Even allowing for Huang's language difficulties and minimal familiarity with immigration law, we cannot conclude that the BIA abused its discretion in concluding that such circumstances fail to demonstrate the due diligence necessary to support equitable tolling. There is, after all, nothing "particularly difficult, costly, or time-consuming" about maintaining occasional telephonic contact with one's attorney about the status of one's case. *See generally Cohen v. Flushing Hosp. & Med. Center*, 68 F.3d 64, 69 (2d Cir.1995) (denying equitable tolling to employee who made no effort to contact union regarding its stance on termination).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion

for a stay of deportation is DENIED as moot.