13-1760-cv
*Coureau v. Granfield*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand fourteen.

PRESENT:  RICHARD C. WESLEY,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　　　　　　　*Circuit Judges*
　　　　　　RONNIE ABRAMS,*
　　　　　　　　　　　　　　　　*District Judge.*

---

VICTOR COUREAU,

　　　　　　　　*Plaintiff - Appellant,*

　-v.-　　　　　　　　　　　　　　　　　　　No.　13-1760

BILL GRANFIELD, LOCAL 100 UNITE HERE,

　　　　　　　　*Defendant – Appellee.*

---

*  The Honorable Judge Ronnie Abrams, of the United States District Court for the Southern District of New York, sitting by designation.

_____

FOR PLAINTIFF-APPELLANT:     Victor Coureau, *pro se*, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:     Thomas Edward Feeney (Nathaniel K. Charny, *on the brief*) Charny & Associates, Rhinebeck, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is

**AFFIRMED**.

Appellant Victor Coureau, proceeding *pro se*, appeals the judgment of the district court, dismissing his claims against Appellee Bill Granfield, the president of Local 100 Unite Here (the "Union"), to which Appellant once belonged.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(6).  *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). To survive a Rule 12(b)(6) motion to dismiss, the

2

complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While Appellant's factual allegations are far from clear, the gravamen of his complaint appears to be that the Union repeatedly failed to fulfill its duty of fair representation to him. These allegations, liberally construed, seek to advance a claim that the Union breached its duty of fair representation. However, such a claim "accrue[s] no later than the time when [a plaintiff] knew or reasonably should have known that such a breach of the duty of fair representation had occurred," *see Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995), and are subject to a six-month statute of limitations, *see DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-72 (1983). Appellant filed a labor dispute charge with the National Labor Relations Board, asserting breach of the duty of fair

3

representation in August 2010; accordingly, the statute of limitations on these claims expired in February 2011, twenty-one months before Appellant filed his complaint in the instant action.

While Appellant has failed to plead the relevant time period for each of his remaining claims, we nevertheless affirm their dismissal. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) (This Court may "affirm a decision on any grounds supported in the record."). Appellant offers nothing more than conclusory legal assertions, which neither the district court nor this Court need accept as true; accordingly, he has failed to adequately plead these claims. *Cf. Iqbal*, 556 U.S. at 678. We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4