14-1006-cv
Scerba v. Allied Pilots Ass'n

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand fourteen.

PRESENT: RALPH K. WINTER,
               REENA RAGGI,
               PETER W. HALL,
                     *Circuit Judges.*

-------------------------------------------------------------------------

LARRY SCERBA, WILLIAM A. ALEXANDER, JOHN BABUINI, DONALD BICKELMANN, KEITH BJORNDAL, GEORGE MARTIN BLACK, RANDALL T. BLAIR, H. WITNEY BOGGS, III, PORTER B. CALHOUN, MARK G. CLAY, TERENCE G. CONLEY, KENNETH R. CURRY, PHILIP M. DEAN, ANTHONY W. DRIZA, LAWRENCE FUCHS, RONALD H. GERTSEN, WILLIAM J. GRACE, ROGER L. GRAYSON, EDWARD C. GUNDERSON, MARVIN J. HAMM, JOHN L. HARPER, CLYDE HECKERT, CHARLES HENDERSON, THOMAS J. HENION, GREGORY W. HINCHLIFFE, HENRY R. HITPAS, RONALD D. HOSKINS, JENS H. HOYT, STEVEN P. JOHNSON, TIMOTHY F. KALCEVIC, RICHARD A. KATTERICH, KARL B. KATTREIN, KENNETH C. KIRKPATRICK, DALE J. KRUSE, RICHARD J. LEVY, THOMAS LOMBARDO, CHRIS P. MARSHALL, HARRY H. MATARAS, JAMES MATEOS, GREGG E. MAXWELL, JR., GLENN D. MAYNARD, DON L. MORRE, JAMES W. MURDOCH, III, STEVEN C.

NELSON, J.E. PERRY, KETH J. POOL, REGINALD PRZYBYL, JOHN PURIFOY, BILLIE J. RAHM, RICHARD A. RALPH, KENNETH H. RITZENTHALER, EDWIN C. ROBERTS, RONALD R. ROGERS, ALBERT A. ROOK, SCOTT W. RUSSELL, ROBERT B. SALA, MICHAEL B. SHANHOLTZ, GARY M. SHEPPARD, THOMAS G. SAINT DENIS, ANDREW R. STEINBECK, SCOTT J. STOW, ROBERT N. SWACKER, TIMOTHY W. SWANSON, TERRY S. THAMES, WILLIAM J. THAMS, BARRY TRUDEAU, DENIS P. WALSH, WAYNE E. WEYER, THOMAS K. WIEHL, III,

*Plaintiffs-Appellants,*

v.                                                        No. 14-1006-cv

ALLIED PILOTS ASSOCIATION,
                    *Defendant-Appellee.*
------------------------------------------------------------------------

| APPEARING FOR APPELLANTS: | NICHOLAS GRANATH (Stanley J. Silverstone, *on the brief*), Seham, Seham, Meltz & Petersen, LLP, White Plains, New York. |
|---|---|
| APPEARING FOR APPELLEE: | DARIN M. DALMAT (Edgar N. James, Steven K. Hoffman, *on the brief*), James & Hoffman, P.C., Washington, D.C. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*; Andrew J. Peck, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 23, 2013, is AFFIRMED.

Plaintiffs, who are pilots employed by American Airlines, Inc., and represented by defendant Allied Pilots Association ("APA"), appeal from the dismissal of their claims that APA breached its duty of fair representation implied under the National Labor Relations Act, see Kalyanaram v. Am. Ass'n of Univ. Professors at the N.Y. Institute of Tech., 742

2

F.3d 42, 46 (2d Cir. 2014), and violated plaintiffs' statutory right to arbitration under the Railway Labor Act ("RLA"), see 45 U.S.C. § 151, et seq. We review de novo the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiffs. See Kalyanaram v. Am. Ass'n of Univ. Professors, 742 F.3d at 46; Askins v. Doe No. 1, 727 F.3d 248, 252–53 (2d Cir. 2013). We assume the parties' familiarity with the facts and the record of underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Fair Representation Claims

Plaintiffs allege that the APA breached its fair representation duty in four ways: (1) failing to defend Supplement B to the previously existing Collective Bargaining Agreement ("CBA") in American Airlines's bankruptcy proceedings, (2) agreeing with American Airlines not to oppose its efforts to abrogate Supplement B, (3) supporting elimination of the option to receive lump-sum distribution of benefits, and (4) agreeing with American Airlines to extinguish member grievances without consent. The only question on appeal is whether these claims are timely. A duty of fair representation claim has a six-months' limitations period, and a "cause of action accrues no later than the time when plaintiffs knew or reasonably should have known that such a breach of the duty of fair representation had occurred, even if some possibility of nonjudicial enforcement remained." Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 67 (2d Cir. 1995) (internal quotation marks and alteration omitted); accord Kalyanaram v. Am. Ass'n of Univ.

3

Professors, 742 F.3d at 46.  Because plaintiffs filed their complaint on May 31, 2013, their claims must have accrued on or after December 1, 2012 to be timely.

Plaintiffs argue that their claims concern the formation of a contract—the new CBA—and, therefore, are timely because breach cannot occur for claims of this nature until the contract at issue becomes effective.  Plaintiffs' own complaint, however, belies this argument.  Their first two allegations of breach concern APA's failure to defend existing contractual rights under Supplement B, not the unfairness of provisions contained in the new CBA, which became effective on December 7, 2012.  Plaintiffs first allege that APA failed to defend the validity of Supplement B when American Airlines moved for leave to reject the then-existing CBA (including Supplement B) under § 1113 of the Bankruptcy Code, despite Supplement B's express defense requirements.[1]  Plaintiffs next allege that APA agreed not to oppose American Airlines's efforts to abrogate Supplement B.  We reject plaintiffs' attempt now to recast claims so clearly pleaded on their face to reference existing contract rights.  Because plaintiffs knew of APA's failure to defend these rights prior to December 1, 2012, their claims must be deemed untimely.  See Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 280 (2d Cir. 2004) (holding that duty of fair representation claim "accrued on the date on which performance was due").[2]

---

[1] Supplement B states in part that neither American Airlines nor APA "shall challenge, contest, or question the legality, validity, or enforceability of [Supplement B]" and instead "shall participate in defending the legality, validity, and enforceability of [the agreement] in any judicial, administrative, or other proceeding."  J.A. 65.

[2] Our timeliness conclusion is reinforced by the fact that, prior to the final CBA agreement,

Plaintiffs' third allegation of breach—APA's agreement to eliminate the option of a lump-sum benefit—is also properly construed to complain of union failure to defend its members' then-existing rights and not the unfairness of the new CBA. See, e.g., Compl. ¶¶ 138–39, J.A. 55 (stating that APA's support for elimination of lump-sum benefit was "in direct violation of its substantive and procedural commitments that it would take no action to diminish the pay or benefits of the Supplement B Pilots" and "in clear violation of its obligation to defend" Supplement B in any proceedings). Nevertheless, assuming arguendo that this pleading can be read to allege a breach of APA's duty in negotiating the new CBA, plaintiffs knew of APA's purportedly breaching action prior to December 1, 2012. See Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 165 (2d Cir. 1989) ("[A] breach of duty by the union is apparent to the member at the time she learns of the union action or inaction about which she complains."); accord Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d at 68. Indeed, we have held that where a union member alleges union failure to represent him in arbitration, his claim accrues not when arbitration begins but when the union "manifestly oppose[s] and reject[s] his interests by announcing . . . that [it will] not press [his] rights." Buttry v. Gen. Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995). Thus, when, on August 20, 2012, APA submitted comments in support of a proposed IRS regulation that would allow American Airlines, as a debtor in bankruptcy, to eliminate the lump-sum option for plaintiffs, it was clear not only that APA "manifestly opposed and rejected" plaintiffs' interests, but also that it had taken affirmative action against those

plaintiffs filed in the bankruptcy court objections arguing that APA's failure to defend Supplement B violated its duty of fair representation.

5

interests.   Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d at 278 ("[T]he breach occurs when the union acts against the interests of its members."). Accordingly, because plaintiffs do not allege that they lacked contemporaneous knowledge of APA's actions, this aspect of their fair representation claim accrued well before December 1, 2012.

The same conclusion obtains as to plaintiffs' fourth allegation of breach.   Unlike the preceding allegations, it links to the new CBA rather than its predecessor and Supplement B in that it charges APA with agreeing to extinguish member grievances without consent through the new CBA.   Nevertheless, this alleged breach of APA's duty of fair representation occurred on November 16, 2012, when APA's Board of Directors voted to approve the new CBA agreement-in-principle as a tentative agreement.   By agreeing in negotiations with American Airlines to extinguish member grievances, APA took an action adverse to plaintiffs' interest and did not simply state a future intention to do so.   See id. at 278–80 (holding that claim "accrued on the date on which performance was due, namely the date on which [the union] advocated a position on [a contested position] to [the employer]" and not when members received memorandum from union stating it would take a certain position in negotiations).   While a final agreement may in certain circumstances evidence breach of a duty of fair representation, see Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 78 (1991), that does not mean, as plaintiffs assert, that the statute of limitations begins to run only upon a final agreement.   Rather, as this court has explained, ratification of an allegedly violative agreement is "the latest" date on which the

6

statute of limitations for a duty of fair representation claim can begin to run. Gvozdenovic v. United Air Lines, Inc., 933 F.2d 1100, 1106 (2d Cir. 1991).

Plaintiffs nevertheless contend that their claims could not have accrued until the new CBA was ratified because prior to that action all harm was speculative. This misstates controlling law. While we have held that a claim does not accrue when there is "substantial doubt as to the likelihood of an ensuing harm," we have at the same time stated that "the harm that results from the union's breach need not be beyond all doubt for a cause of action to accrue." Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d at 278; see also Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d at 68 ("Even if [plaintiff] entertained hopes of future representation by the Union . . . knowledge [that the union had done nothing to pursue his grievance] was sufficient to start the statute of limitations running."). We have not yet delineated "how certain it must be that harm will be caused by a union's breach to trigger the statute of limitations," Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d at 280 n.5, nor need we do so here. On September 5, 2012, the bankruptcy court issued an order pursuant to § 1113 of the Bankruptcy Code authorizing American Airlines to reject the existing CBA, including Supplement B. Once Supplement B was thus abrogated, see In re Nw. Airlines Corp., 483 F.3d 160, 173 (2d Cir. 2007) (holding that debtor "authorized by the bankruptcy court acting pursuant to § 1113 to reject its CBA and impose new terms abrogates its CBA" (emphasis in original)), the harm from APA's alleged failure to defend that provision and from its support for elimination of certain substantive benefits contained in Supplement B was more certain than speculative, particularly in light of clear indications that neither

7

American Airlines nor APA would seek to reinstate the Supplement's substance in the new CBA.  Indeed, by December 1, 2012, APA and American Airlines had agreed to the terms of a new CBA.  While the new CBA still faced a ratification vote and required bankruptcy court approval, we have never held that such contingencies preclude accrual where, as here, the likelihood of such action was generally anticipated.  Cf. Addington v. U.S. Airline Pilots Ass'n, 606 F.3d 1175, 1178–80 (9th Cir. 2010) (holding fair representation claim not ripe because harm too speculative where unclear whether employer would agree to and union would ratify proposal).  In sum, given the circumstances alleged, the contingencies remaining here did not raise "substantial doubt" as to whether the alleged harm would occur, and, therefore, plaintiffs' claims accrued before December 1, 2012.

2.      Violation of the Statutory Right to Arbitration

Insofar as plaintiffs argue that their RLA claim is timely because their fair representation claim is timely, the argument fails for the reasons just stated. In the alternative, plaintiffs argue that the RLA itself affords them a "two-year limitations period."  Appellants' Reply 1.  Plaintiffs failed to raise this argument to the magistrate judge, as the magistrate judge explicitly noted, see Scerba v. Allied Pilots Ass'n, No. 13 Civ. 3694 (LAK) (AJP), 2013 WL 6481583, at *15 n.27 (S.D.N.Y. Dec. 10, 2013) (report and recommendation), and as plaintiffs concede on appeal, see Appellants' Br. 55.  We therefore deem this argument forfeited.  See Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (quotation marks omitted)); see also Knight v. Thompson, 723 F.3d 1275, 1277 n.1 (11th Cir. 2013) (stating that argument first

8

raised in objections to magistrate judge's report and recommendation and not addressed by district court is forfeited).

Accordingly, we conclude that plaintiffs' complaint was correctly dismissed as untimely.

We have considered plaintiffs' remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court