17-1152-cv
*Hosokawa v. N.Y. Local of Screen Actors Guild-Am. Fed'n of Television and Radio Artists*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
                  CHRISTOPHER F. DRONEY,
                  RICHARD J. SULLIVAN,
                             *Circuit Judges.*

_____

MIDORI HOSOKAWA.,

                    *Plaintiff-Appellant*,                           17-1152-cv

                    v.

NEW YORK LOCAL OF SCREEN ACTORS GUILD-
AMERICAN FEDERATION OF TELEVISION AND RADIO
ARTISTS, SCREEN ACTORS GUILD—AMERICAN
FEDERATION OF TELEVISION AND RADIO ARTISTS,

*Defendants-Appellees.*[*]

FOR PLAINTIFF-APPELLANT:                      Midori Hosokawa, pro se, New York, NY.

FOR DEFENDANTS-APPELLEES:          Evan Hudson-Plush, Kate M.
Swearengen, Cohen, Weiss and Simon
LLP, New York, NY.

Appeal from the February 10, 2017 judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Midori Hosokawa ("Plaintiff"), proceeding *pro se*, brought this action against her union alleging breach of contract and breach of the duty of fair representation. The District Court dismissed her complaint, reasoning that her duty of fair representation claim was time-barred and that she had failed to state a claim for breach of contract. Plaintiff moved for reconsideration by the District Court, which was denied. She now appeals both the dismissal of her complaint and the denial of the motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

After reviewing the whole record, we conclude that the District Court properly dismissed the complaint. We affirm for substantially the reasons given by the District Court in its thorough Opinion and Order, *Hosokawa v. Screen Actors Guild-Am. Fed'n of Television & Radio Artists*, 234 F. Supp. 3d 437 (S.D.N.Y. 2017).

We reject Plaintiff's expanded arguments on appeal that her claims are not time-barred. First, while Plaintiff may indeed have hoped the union would change its position at an October 28th, 2013 Union Meeting, Br. Appellant at 6, this hope does not save her claims. "In this circuit, it is well settled that the cause of action" for breach of the duty of fair representation "accrues no later than the time when plaintiffs *knew* or reasonably *should have known*" of the alleged breach of that duty. *Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 742 F.3d 42, 46 (2d Cir. 2014) (internal quotation marks omitted). That Plaintiff was seeking "recourse" demonstrates that she knew of the alleged breach; that she received a letter from her union on October 3, 2013 reiterating

---

[*] The Clerk of the Court is directed to the amend the caption as set out above.

that it "will no longer respond to any inquiries related to the above-referenced matter," *Hosokawa*, 234 F. Supp. 3d at 440, demonstrates she reasonably should have known of that breach. In any case, Plaintiff first filed her claim in the District Court on August 12, 2014, well over six months after this meeting.

Second, while Plaintiff argues that the "limitation clock began when the Super Bowl Commercial claim was denied on February 19th 2014," Br. Appellant at 7, *see also id.* at 18, this claim simply repackaged her previous claims under a new name. *Hosokawa*, 234 F. Supp. 3d at 441. Plaintiff's February filings with her union do not negate the fact that Plaintiff knew or reasonably should have known that her union was refusing to pursue her claims concerning the Verizon advertisements. "Even if [Plaintiff] entertained hopes of future representation by the Union, [s]he knew that it had done nothing as of [October 3, 2013] to pursue [her] grievance . . . . This knowledge was sufficient to start the statute of limitations running." *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 68 (2d Cir. 1995).

Finally, Plaintiff's breach of the union constitution claim is either untimely or fails on the merits. To the extent Plaintiff's repackages her breach of the duty of fair representation claim, it is also subject to a six-month limitations period and is therefore untimely. See *Legutko v. Local 816, IBT*, 853 F.2d 1046, 1052 (2d Cir. 1988). To the extent her claim relies on the union's alleged threat to expel her, Plaintiff has failed to show that the union either breached, or anticipatorily breached, its constitution. *Fischer & Mandell, LLP v. Citibank, N.A.,* 632 F.3d 793, 799 (2d Cir. 2011).

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiff on appeal and find them to be without merit. The February 10, 2017 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
