09-0831-cv
Bey v. I.B.E.W. Local Union #3 Union Representatives

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
                                    <u>Chief Judge</u>,
            RALPH K. WINTER,
            JOHN M. WALKER, JR.,
                                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
Messiah Ali Bey,
        <u>Plaintiff-Appellant</u>,

        **-v.-**                                        09-0831-cv

I.B.E.W. Local Union #3 Union
Representatives, Christopher Erickson,
Trustee, Jim Robson, Trustee, Michael
Yee, Trustee,
        <u>Defendants-Appellees</u>,

Macy's Dept. Store, Lee Christoforo,
        <u>Defendants</u>.
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          Messiah Ali Bey, <u>pro se</u>, Bronx, NY.

**FOR APPELLEE:**          Norman Rothfeld, New York, NY.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Messiah Ali Bey, pro se, appeals from a December 22, 2008 judgment of the United States District Court for the Southern District of New York (Rakoff, J.). Bey claims discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e); and violation of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-169, and the Employer Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1). In the orders appealed from, the district court granted summary judgment to the defendants on the majority of Bey's claims, and directed judgment for the defendants on the remaining claims following a bench trial. We otherwise assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues presented for review.

We review the summary judgment order de novo. E.g. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate where, drawing

2

"all factual inferences . . . in favor of the non-moving party[,] . . . there are no genuine issues of material fact and . . . the moving party is entitled to judgment as a matter of law." Id. (citation omitted).

Respecting those of Bey's Title VII claims that were dismissed on summary judgment, we find no error. As the district court concluded, a transfer request is not a "protected activity" within the meaning of 42 U.S.C. § 2000e-3, so Bey's associated retaliation claim was therefore properly dismissed. Insofar as Bey's claims arise from conduct that occurred before June 2, 2004, they are time-barred. See 42 U.S.C. § 2000e-5(e)(1). And with respect to Bey's claim that he suffered disparate treatment in the arbitration of his grievance against Macy's, Bey relevantly asserts only that another union member's grievance was arbitrated, while his was not. We lack essential information about the other union member; for example, there is no information about his religion or ethnicity, or about any other relevant characteristic. No jury could infer discriminatory intent absent any evidence that the similarly situated person Bey proffers actually differs from him with respect to a relevant characteristic.

3

The evidence thus fails to show that "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent," an element of Bey's prima face case.  Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003).

Respecting Bey's NLRA claims, we likewise find no error. Insofar as Bey's claims arise from conduct that occurred before February 18, 2005, they are time-barred.  See, e.g., Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 67 (2d Cir. 1995) (noting applicable six-month statute of limitations and that "the cause of action accrues no later than the time when plaintiffs knew or reasonably should have known that [the] breach . . . occurred" (brackets omitted)).  And with respect to the fair-representation claim premised on Bey's grievance against Macy's, the evidence fails to show that the union's actions were "'arbitrary, discriminatory, or in bad faith.'"  Young v. U.S. Postal Serv., 907 F.2d 305, 308 (2d Cir. 1990) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)).  Again, Bey asserts nothing relevant other than that another union member's grievance was arbitrated while his was not.

We have considered Bey's remaining arguments and find them to be without merit.  The district court's judgment is accordingly **AFFIRMED.**

                                   FOR THE COURT:
                                   CATHERINE O'HAGAN WOLFE, CLERK