15-1418-cv
Malcolm v. Honeoye Falls-Lima Educ. Ass'n

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          SUSAN L. CARNEY,
                *Circuit Judges*.
-----------------------------------------------------------------------
BERNICE MALCOLM,
                *Plaintiff-Appellant*,

          v.                                        No. 15-1418-cv

HONEOYE FALLS-LIMA EDUCATION ASSOCIATION ("HFLEA"),
                *Defendant-Appellee*,

NEW YORK STATE UNITED TEACHERS, DAVID YOUNG, MICHELLE CARNEVALE, WILLIAM GARVIN,
                *Defendants*.[*]
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        BERNICE MALCOLM, *pro se*, West Henrietta, New York.

_____
[*] The Clerk of Court is directed to amend the caption as set forth above.

1

APPEARING FOR APPELLEE:     ANTHONY J. BROCK, Esq. (Richard E. Casagrande, Esq., *on the brief*), Latham, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*; Jonathan W. Feldman, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2015, is AFFIRMED.

Plaintiff Bernice Malcolm appeals *pro se* from the dismissal of her claims against the New York State United Teachers union ("NYSUT") for insufficient service of process and from the award of summary judgment to Honeoye Falls-Lima Education Association ("HFLEA") on discrimination claims brought pursuant to 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*[1] We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review a dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5) for abuse of discretion. *See Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d

---

[1] Although Malcolm's April 28, 2015 notice of appeal mentions only the summary judgment award to HFLEA, we construe it to pertain also to the order dismissing Malcolm's complaint against NYSUT, which Malcolm challenges in her brief on appeal. *See Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016) (holding that absent "prejudice to an appellee, we read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders"). Malcolm's brief, filed after the denial of her motion for reconsideration, makes no arguments as to that denial, so any challenge to it is waived. *See Friends of Animals v. Clay*, 811 F.3d 94, 99 n.8 (2d Cir. 2016).

Cir. 2010). The district court did not abuse its discretion here because Malcolm served NYSUT's attorney, who was neither its officer nor its authorized agent. *See* Fed. R. Civ. P. 4(h)(1)(B) (stating that unincorporated association must be served by delivering pleadings to officer, managing or general agent, or other agent authorized to receive service); Fed. R. Civ. P. 4(h)(1)(A) (stating that unincorporated association may be served in manner prescribed by Rule 4(e)(1) for serving an individual, *i.e.*, by following state law); N.Y. Gen. Ass'ns Law § 13 (stating that labor organization may be served by serving certain officers or business agent). Accordingly, Malcolm's challenge to the dismissal of her claims against NYSUT fails.

Insofar as Malcolm disputes the magistrate judge's jurisdiction to grant summary judgment, that challenge fails because the record contains a signed consent to the exercise of that jurisdiction, the authenticity of which has not been disputed. *See* 28 U.S.C. § 636(c).

Her challenge to the denial of leave to amend the complaint fares no better. The magistrate judge did not abuse his discretion in denying leave to amend because the proposed amendments would likely not have permitted the complaint to withstand a motion to dismiss or for summary judgment, and the opposing party would be prejudiced by allowing amendment several years after the complaint's filing and a year after commencement of discovery. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("Leave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the

3

opposing party by virtue of allowance of the amendment, futility of amendment, etc." (internal quotation marks omitted)).

On *de novo* review of the summary judgment award, we will affirm only if the record, viewed most favorably to Malcolm, shows no genuine issue of material fact and HFLEA's entitlement to judgment as a matter of law. *See Jackson v. Fed. Express*, 766 F.3d 189, 193–94 (2d Cir. 2014). Title VII prohibits a labor organization from discriminating against a member because of, *inter alia*, her race or sex. *See* 42 U.S.C. § 2000e-2(c). Section 1981 and the NYSHRL also prohibit racially motivated discrimination. *See Village of Freeport v. Barrella*, 814 F.3d 594, 604 (2d Cir. 2016); *Griffin v. Sirva Inc.*, 835 F.3d 283, 289–90 (2d Cir. 2016). To establish a discriminatory motive, a plaintiff may rely on a theory of disparate treatment by showing "more favorable treatment of employees not in the protected group" to whom the plaintiff is "similarly situated in all material respects." *Littlejohn v. City of New York*, 795 F.3d 297, 311–12 (2d Cir. 2015) (internal quotation marks omitted). Applying these principles here, we affirm the award of summary judgment to HFLEA on Malcolm's discrimination claims for substantially the reasons stated by the magistrate judge. Insofar as Malcolm generally points to HFLEA's supportive treatment of white teachers, she fails to demonstrate how she is "similarly situated in all material respects" to them. *Id.* at 312 (internal quotation marks omitted); *see also Bey v. I.B.E.W. Local Union #3 Union Representatives*, 374 F. App'x 187, 188 (2d Cir. 2010).

Malcolm's particular claim that HFLEA discriminatorily declined to grieve counseling memos placed in her personnel file warrants no different conclusion. In the

4

relevant time period, HFLEA undisputedly filed only one grievance, on behalf of a white male teacher to challenge a letter reporting his unauthorized absence from the classroom. For Malcolm to establish disparate treatment, she would have to have submitted evidence suggesting that HFLEA treated her less favorably in a situation similar "in all material respects," *Littlejohn v. City of New* York, 795 F.3d at 312 (internal quotation marks omitted), a burden she failed to carry. For instance, the comparator's counseling memo threatened *further* disciplinary action, while Malcolm's specifically states that it should not be construed as a formal disciplinary action. Thus, the comparator's memo is more easily interpreted as a letter of reprimand, which the union would grieve because its placement in a personnel file without a hearing might violate New York law. Moreover, the comparator's memo states that his behavior may have resulted at least in part from having stopped taking medication, a fact that the union may have been inclined to keep out of the employee's personnel file. Malcolm's memo offers no comparable medical explanation. Finally, Malcolm's memo mentions that she failed to attend a follow-up meeting, whereas the comparator's does not.

We have considered Malcolm's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5