13-527-cv
*Platsky v. National Security Agency*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HENRY PLATSKY,

> *Plaintiff-Appellant*

> -v.-                                                                      No. 13-527-cv

NATIONAL SECURITY AGENCY, CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          Henry Platsky, *pro se*, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**          Varuni Nelson, Ameet B. Kabrawala, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from the judgment, entered January 30, 2013, of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Henry Platsky, *pro se*, appeals the District Court's grant of summary judgment in favor of defendants-appellees the National Security Agency ("NSA"), Central Intelligence Agency ("CIA"), and the Federal Bureau of Investigation ("FBI"), dismissing his challenge to the appellees' issuance of *Glomar* responses to his requests for information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the District Court properly concluded that there was no genuine issue of material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). To determine whether there are genuine issues of material fact, we must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

We have approved the use of the *Glomar* response, holding that "an agency may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under a[] FOIA exception," so long as the agency properly "tether[s]" its refusal to respond to one of the nine FOIA Exemptions. *Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 68 (2d Cir. 2009) (internal quotation marks omitted; first alteration in original). The District Court correctly found that the NSA and CIA properly tethered their Glomar responses to Exemption 1, which protects classified materials relating to national defense or foreign policy, and that the FBI properly tethered its Glomar response to Exemption 7(E), which protects information compiled for law enforcement purposes. We therefore affirm, for substantially the reasons set forth by the District Court.

In so doing, we also note Platsky's argument that the FBI may not, consistent with due process, place him or any citizen on a terrorist watch list without notice and an opportunity to be heard. As to this claim, we agree with the District Court's determination the Platsky does not have standing, because he appears to be claiming a hypothetical and speculative injury. "The irreducible constitutional minimum requires that (1) the plaintiff have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) the injury be fairly traceable to the challenged action of the defendant, and (3) it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Hedges v. Obama*, 724 F.3d 170, 188 (2d Cir. 2013) (internal quotation marks omitted). Platsky does not allege that he has in fact been put on an FBI watch list, or even that he

has been inordinately subjected to heightened searches while traveling, which could raise a plausible inference that he had been placed on such a list. Accordingly, he does not have standing to assert a due process claim.[1]

Finally, we decline to consider Platsky's request for an order directing the FBI to reveal all names of United States citizens on any government watch list. He did not seek this relief below, and whether it is construed as an argument in support of reversal or a new request for relief, it may not be advanced for the first time on appeal. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) (new arguments, raised for the first time on appeal, will generally not be considered); *Cohen v. Flushing Hosp. & Med. Ctr., Local 1199*, 68 F.3d 64, 69 (2d Cir. 1995) ("Under the law of this circuit, a party may not seek on appeal relief that he failed to seek below.").

We have reviewed the record and considered all of plaintiff's remaining arguments; we find them to be without merit. For the reasons set out above, we **AFFIRM** the judgment of the District Court, entered January 30, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Even if Platsky had an articulable injury, a FOIA request would not be the proper means to bring a due process challenge. Congress has mandated the creation of "a timely and fair redress process for individuals who believe they have been delayed or prohibited from boarding a commercial aircraft because they were wrongly identified as a threat," *see* 49 U.S.C. § 44926, in response to which the Department of Homeland Security created a Redress Program. *See Shearson v. Holder*, 725 F.3d 588, 590–91 (6th Cir. 2013) (describing Redress Program procedures for challenging inclusion on FBI's terrorist watch list). This opinion in no way restricts Platsky's right to pursue his administrative remedies through the Redress Program.