21-2064
*Platsky v. FBI*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

HENRY PLATSKY,

  *Plaintiff-Appellant,*  21-2064

  v.

FEDERAL BUREAU OF INVESTIGATION,

  *Defendant-Appellee.*

FOR PLAINTIFF-APPELLANT:  Henry Platsky, pro se, New York, NY.

FOR DEFENDANTS-APPELLEES:  Ilan Stein, Christopher Connolly, Assistant United States Attorneys, for Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John P. Cronan, Judge).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Appellant Henry Platsky, proceeding *pro se*, brought an action under the Freedom of Information Act ("FOIA") alleging that the Federal Bureau of Investigation ("FBI") improperly refused to disclose whether his name appeared on a watch list.[1] He also alleged that the watch list was unconstitutional because he was not afforded adequate due process before being placed on it. The District Court *sua sponte* dismissed Platsky's due process claim for lack of standing. It later granted summary judgment to the FBI on the remaining FOIA claim, concluding that the FBI had properly employed the *Glomar* doctrine[2] by "tethering" its refusal to disclose to FOIA Exemption 7(E). *See Wilner*, 592 F.3d at 68. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

We review *de novo* a district court's determination that a plaintiff lacks standing to sue. *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014). To have standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

The District Court properly concluded that Platsky does not have standing to challenge the constitutionality of the alleged watch list. Platsky has not plausibly alleged that he was listed on any watch list. He argues that various traffic encounters with police in the early nineties are enough to infer that he was on an FBI watch list. But as the District Court explained, "allegations of routine traffic encounters do not plausibly suggest that authorities placed [Platsky] on a watch list." *Platsky v. Fed. Bureau of Investigation*, No. 20-CV-0573 (LLS), 2020 WL 1644015, at *3 (S.D.N.Y. Mar. 31, 2020); *see also Platsky I*, 547 F. App'x at 82–83 (concluding that Platsky lacked standing to bring a similar due process claim because he failed to allege facts that could "raise a plausible inference" that

---

[1] This is Platsky's third attempt to use FOIA to discover whether his name was on a government watch list. We have twice affirmed district courts' rejections of Platsky's efforts. *See Platsky v. Nat'l Sec. Agency*, No. 16-2505, 2017 WL 4052235 (2d Cir. July 17, 2017) (summary order); *Platsky v. Nat'l Sec. Agency (Platsky I)*, 547 F. App'x 81 (2d Cir. 2013) (summary order).

[2] The *Glomar* doctrine provides that "an agency may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under a[] FOIA exception." *Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 68 (2d Cir. 2009) (alteration in original) (quoting *Gardels v. Cent. Intel. Agency*, 689 F.2d 1100, 1103 (D.C. Cir. 1982)).

he had been placed on watch list). Because Platsky fails to allege a cognizable injury in fact, we **AFFIRM** the District Court's dismissal of Platsky's due process claim.[3]

## II.

We also review de novo a district court order granting summary judgment in a FOIA action. *Wilner*, 592 F.3d at 69. "To properly employ the *Glomar* response to a FOIA request, an agency must 'tether' its refusal to respond to one of the nine FOIA exemptions." *Id.* at 68 (citation omitted). The agency bears the burden of proving the applicability of a FOIA exemption and satisfies that burden by "submitting a detailed affidavit showing that the information logically falls within the claimed exemptions." *Id.* (quoting *Minier v. Cent. Intel. Agency*, 88 F.3d 796, 800 (9th Cir. 1996)).

The FBI tethered its *Glomar* response to FOIA Exemption 7(E), which permits government agencies to withhold records that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The FBI satisfied its burden through an affidavit from Michael Seidel, the Section Chief of the FBI's Records/Information Dissemination Section. Seidel's affidavit explained that watch lists are used for "law enforcement purposes" and that the FBI "must use a *Glomar* response in all similar cases, regardless of whether responsive records actually exist" in order to prevent individuals from guessing their status and thereby altering their behavior. Seidel Decl. ¶¶ 31–42; *see also Platsky I*, 547 F. App'x at 82 (concluding that "the FBI properly tethered its Glomar response to Exemption 7(E)"). Because the FBI submitted an affidavit adequately demonstrating that the information Platsky seeks falls within FOIA Exemption 7(E), we **AFFIRM** the District Court's grant of summary judgment in favor of the FBI.

## CONCLUSION

Having considered all of Platsky's remaining arguments and found them meritless, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Moreover, as we explained in one of Platsky's previous appeals, "[e]ven if Platsky had an articulable injury, a FOIA request would not be the proper means to bring a due process challenge." *See Platsky I*, 547 App'x at 83 n.1 (explaining that the Redress Program is the proper vehicle for challenging inclusion on the FBI's terrorist watch list).